## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**LARRY ROSCOE GUNNELL, JR.,**

      Petitioner,

v.                                       Civil Action No. **3:14CV93**

**UNITED STATES OF AMERICA,**

      Respondent.

### MEMORANDUM OPINION

Larry Roscoe Gunnell, Jr., a federal inmate proceeding *pro se* and *in forma pauperis*, submitted a "28 U.S.C. § 2255 or, alternatively, [a] 28 U.S.C. § 2241"[1] petition (hereinafter "§ 2241 Petition," ECF No. 1, at 1).[2]  On December 18, 2014, the Magistrate Judge issued a Report and Recommendation wherein he recommended granting the Government's Motion to Dismiss (ECF No. 8).  Upon review of Gunnell's objections, the Report and Recommendation will be ACCEPTED and ADOPTED, the Government's Motion to Dismiss will be GRANTED, and this action will be DISMISSED FOR WANT OF JURISDICTION.

---

[1]  That statute provides, in pertinent part:

> **(c)**  The writ of habeas corpus shall not extend to a prisoner unless—
> **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

[2]  The Court corrects the capitalization and spelling in quotations from Gunnell's filings.

## I.  REPORT AND RECOMMENDATION

The Magistrate Judge made the following findings and recommendations:

### A.  Procedural History

On April 9, 1999, the Court found Gunnell guilty of possession with intent to distribute 213.5 grams of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A)(iii). *See Gunnell v. United States*, No. 3:99CR022, 2001 WL 34780941, at *1 (E.D. Va. Aug. 24, 2001). The United States sought imposition of an enhanced penalty based on Gunnell's two prior felony drug convictions pursuant to 21 U.S.C. § 841(b).[3]  *Id.*  On July 8, 1999, the Court sentenced Gunnell to a term of life imprisonment. *Id.* The Fourth Circuit affirmed Gunnell's conviction. *United States v. Gunnell*, No. 99-4513, 2000 WL 279280, at *1 (4th Cir. Mar. 1, 2000). The Court denied Gunnell's first § 2255 Motion on August 24, 2001. *Gunnell*, 2001 WL 34780941, at *1.

The Court received Gunnell's § 2241 Petition on February 7, 2014. On July 21, 2014, the Government filed a Motion to Dismiss, or, in the Alternative, to Transfer (hereinafter "Motion to Dismiss," ECF No. 8; hereinafter "Motion to Transfer," ECF No. 9). On August 19, 2014, the Court received from Gunnell a "Motion for Extension of Time," (ECF. No. 12), requesting thirty days to respond to the Government's motions because "twenty-(21) days will not be accurate for the petitioner to completely address these matters." (*Id.* at 1.) The Court has not received any subsequent filings from Gunnell.

### B.  Summary of Gunnell's Claim

In his § 2241 Petition, Gunnell contends that his sentence is unconstitutional in light of the Fourth Circuit's holding in *Simmons v. United States*, 649 F.3d 237 (4th Cir. 2011).[4] Gunnell concedes that he "is not eligible

---

[3]  "If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment." 21 U.S.C. § 841(b)(1)(A).

[4]  In *Simmons*, the United States Court of Appeals for the Fourth Circuit

> overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been

for relief under . . . § 2255, because his petition is successive . . . ." (§ 2241 Pet. 1 (emphasis omitted).) He nevertheless maintains that he is entitled to relief under § 2241, because § 2255 is "inadequate or ineffective and the defendant seeks relief for a fundamental defect." (*Id.* at 3 (emphasis omitted).) Gunnell alleges that one of his two prior convictions that warranted a mandatory minimum life sentence under § 841(b)(1)(A) does "not qualify as a prior felony conviction because it was a suspended sentence." (*Id.* at 5 (citation omitted).) He asserts that under *Simmons*, "this prior conviction does not qualify as a predicate offense." (*Id.* at 6.)[5] Gunnell demands to be resentenced. (*Id.* at 7.)

For the reasons set forth below, the Court RECOMMENDS that the Government's Motion to Dismiss be GRANTED, the Government's Motion to Transfer be DENIED, Gunnell's Motion for Extension of Time be DENIED, and this action be DISMISSED FOR WANT OF JURISDICTION.

**C.     Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241**

A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack'" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[6] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)

---

imposed on a person with the defendant's actual level of aggravation and criminal history.

*United States v. Powell*, 691 F.3d 554, 556 (4th Cir. 2012) (citing *Simmons*, 649 F.3d at 241).

[5]   Gunnell misconstrues the holding in *Simmons*. In determining whether a previous offense is a felony "[p]ursuant to *Simmons*, . . . the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment." *United States v. Thompson*, 480 F. App'x 201, 204 (4th Cir. 2012).

[6]   "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

(citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)).  Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).[7]

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted).  The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when:  (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).  The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

## D.  Analysis of Gunnell's 28 U.S.C. § 2241 Petition

Gunnell fails to satisfy the second prong of *In re Jones*.  *See id.* at 334.  Specifically, Gunnell fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal*." *Id.* (emphasis added).  The conduct of which Gunnell stands convicted, possession of 50 grams or more

---

[7] Gunnell cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting he is filing a petition for a writ of audita querela or a coram nobis petition.  (§ 2241 Pet. 1.)  "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference.  It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)).  Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

of cocaine base with intent to distribute, is still criminal. *See* 21 U.S.C. § 841(b)(1)(A)(iii). Moreover, "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *Poole*, 531 F.3d at 267 n.7 (citing *In re Jones*, 226 F.3d at 333-34).[8] For these reasons, Gunnell fails to demonstrate that § 2255 is inadequate and ineffective to test the legality of his conviction; accordingly, he may not proceed under § 2241.

Furthermore, the Court lacks jurisdiction over Gunnell's § 2241 Petition under the plain language of the statute. "Writs of habeas corpus may be granted by . . . the district courts and any circuit judge *within their respective jurisdictions*." 28 U.S.C. § 2241(a) (emphasis added). Therefore, "a § 2241 habeas petition can only be filed in the district in which a prisoner is confined." *Poole*, 531 F.3d at 264. Although there is some question as to whether the term "jurisdiction," as used in the habeas statute, refers to venue or personal jurisdiction, *id.* at 270 n.12 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434 n.7 (2004)), the term "is a sine qua non of addressing the merits of the petition," *id.* (citing *Strait v. Laird*, 406 U.S. 341, 343 (1972)). Gunnell is currently incarcerated in Salters, North Carolina. The Government, in its "Memorandum in Support of Respondent's Motion to Dismiss, or, in the Alternative, to Transfer," (Mem. Supp. Mot. Dismiss 8-9, ECF No. 10), timely raised this objection to the Court's jurisdiction. *See Kanai v. McHugh*, 638 F.3d 251, 258 (4th Cir. 2011) (holding that "any challenge to habeas proceedings based on this language in § 2241(a) is waived if not timely asserted" (citations omitted)). For these reasons, the Court concludes that it lacks jurisdiction to review Gunnell's § 2241 Petition, and it is RECOMMENDED that the Government's Motion to Dismiss be GRANTED.

**E.   Gunnell's Motion for Extension of Time**

In his Motion for Extension of Time, Gunnell requests thirty days to respond to the Government's Motion to Dismiss and Motion to Transfer, as

---

[8] Recently, a panel of the Fourth Circuit appeared to retreat from this position and "expressly [decided not to] decide whether the savings clause in § 2255(e) might justify relief from a . . . sentencing error through the filing of a § 2241 petition," but noted that the United States Court of Appeals for the Eleventh Circuit "recently permitted a federal inmate to use § 2255(e) to bring a § 2241 petition challenging the legality of his sentence." *Whiteside v. United States*, 748 F.3d 541, 547 n.4 (4th Cir. 2014) (citing *Bryant v. Warden*, 738 F.3d 1253 (11th Cir. 2013)). *But cf. Spencer v. United States*, __ F.3d __, No. 10-10676, 2014 WL 6234529, at *4-5 (11th Cir. Nov. 14, 2014) (rejecting the assertion that errors in applying the U.S. Sentencing Guidelines  may constitute a fundamental miscarriage of justice). However, the panel decision in *Whiteside* was vacated and the matter was set for rehearing en banc. *See Whiteside v. United States*, 578 F. App'x 218, 218 (4th Cir. 2014).

opposed to twenty-one days.   Over four months have elapsed since the
Government filed these motions, during which Gunnell failed to file a response.
Even if the Court granted Gunnell's Motion for Extension of Time, he would still
have missed the response deadline.  Because Gunnell will receive a copy of this
Report and Recommendation, and will have fourteen days to file objections, it is
RECOMMENDED that the Motion for Extension of Time be DENIED.

**F.    Conclusion**

For the reasons set forth above, the Court RECOMMENDS that the
Government's Motion to Dismiss (ECF No. 8) be GRANTED, the Government's
Motion to Transfer (ECF No. 9) be DENIED, Gunnell's Motion for Extension of
Time (ECF No. 12) be DENIED, and this action be DISMISSED FOR WANT
OF JURISDICTION.

(Dec. 18, 2014 Report and Recommendation (alterations and omissions in original).)  The Court

advised Gunnell that he could file objections within fourteen (14) days after the entry of the

Report and Recommendation.  Gunnell filed objections.

## II.    STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court.  The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with this

court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*,

423 U.S. 261, 270–71 (1976)).  This Court "shall make a de novo determination of those portions

of the report or specified proposed findings or recommendations to which objection is made."  28

U.S.C. § 636(b)(1).  "The filing of objections to a magistrate's report enables the district judge to

focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."

*Thomas v. Arn*, 474 U.S. 140, 147 (1985).

## III.    GUNNELL'S OBJECTIONS

On January 13, 2015, the Court received from Gunnell a "Motion to the Report and

Recommendation Memorandum of Supporting Facts" (ECF No. 14 (capitalization corrected)),

6

which the Court construes to be Gunnell's Objections.  In his Objections, Gunnell alleges that

"[i]n this Circuit, the Fourth Circuit has filed for en[ ]banc hearing in the latest case in *Surratt v.*

*United States*, [Nos. 3:12–CV–513, 3:04–CR–250–19, 2014 WL 2013328 (W.D.N.C. May 16,

2014)]⁹ . . . to decide [ ] whether this is the correct vehicle to challenge an individual's sentence

or conviction on 28 U.S.C. § 2241."  (Objs. 1 (emphasis omitted).)  Gunnell requests that the

Court hold his case in abeyance.  (*Id.*)

      "[S]tay and abeyance should be available only in limited circumstances."  *Rhines v.*

*Weber*, 544 U.S. 269, 277 (2005).  "Staying a federal habeas petition frustrates the

[Antiterrorism and Effective Death Penalty Act of 1996]'s objective of encouraging finality by

allowing a petitioner to delay the resolution of the federal proceedings."  *Ryan v. Gonzales*, 133

S. Ct. 696, 709 (2013) (quoting *Rhines*, 544 U.S. at 277).  The Court fails to find,¹⁰ and Gunnell

fails to provide, any evidence that the Fourth Circuit has ordered rehearing in *Surratt*, or granted

a motion for rehearing.  Moreover, were the Fourth Circuit to amend Circuit precedent in a

manner that would provide Gunnell relief, he may file a § 2241 petition at that time.  *See United*

*States v. Little*, 392 F.3d 671, 680 (4th Cir. 2004) (noting that "[§] 2241 is not subject to the

---

⁹ In *Surratt*, the defendant's "serious drug trafficking and recidivist criminal history required the Court to impose a mandatory life sentence pursuant to 21 U.S.C. § 841(b)(1)(A)." *Surratt v. United States*, Nos. 3:04–CR–250–19, 3:12–CV–513, 2014 WL 2013328, at *2 (W.D.N.C. May 16, 2014) (citation omitted).  Surratt filed a motion "under § 2255 or, alternatively, under 28 U.S.C. § 2241 or for writ of error coram nobis," arguing that "that the change in law brought about by *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), requires that his life sentence be vacated and that he be resentenced." *Id.* at *1.  The District Court denied Surratt's motion "[b]ecause Petitioner cannot establish the second prong of the Fourth Circuit's test in *In re Jones*, 226 F.3d 328 (4th Cir. 2000), for alternative relief under § 2241—that the subsequent law change rendered the conduct of which he was convicted non-criminal . . . ." *Id.*

¹⁰ *See En Banc Cases*, United States Court of Appeals for the Fourth Circuit, select 2014, http://www.ca4.uscourts.gov/opinions/en-banc-cases (last visited Feb. 3, 2015).

procedural requirements of [28 U.S.C.] § 2244(b)," which limits when an inmate may bring a successive habeas corpus petition), *holding modified by United States v. Urutyan*, 564 F.3d 679 (4th Cir. 2009).  For these reasons, Gunnell fails to demonstrate how holding this matter in abeyance would further the interests of justice.  Gunnell's Objections will be OVERRULED.

## IV.   CONCLUSION

Gunnell's Objections will be OVERRULED.  The Report and Recommendation will be ACCEPTED and ADOPTED.  The Government's Motion to Dismiss (ECF No. 8) will be GRANTED, the Government's Motion to Transfer (ECF No. 9) will be DENIED, Gunnell's Motion for Extension of Time (ECF No. 12) will be DENIED, and this action will be DISMISSED FOR WANT OF JURISDICTION.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 2-9-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge